**MONTEIRO et al. v. THE STELLA DI GENOVA et al.**

**CANEPA v. MONTEIRO et al.**

**No. 805.**

District Court, S. D. California, C. D.

Jan. 24, 1948.

Libel by Ernest Monteiro and others, libelants, against the Diesel Vessel Stella Di Genova, her engines, boats, tackle, apparel, and furniture, and Fred Canepa, respondents, Fred Canepa, claimant, for damages from collision, wherein Fred Canepa filed a cross-libel against Ernest Monteiro and others.

Lillick, Geary, McHose and William A. C. Roethke, all of Los Angeles, Cal., for libelants.

McCutchen, Thomas, Matthew, Griffiths & Greene, Harold A. Black and George E. Toner, all of Los Angeles, Cal., for respondents.

YANKWICH, District Judge.

The above-entitled cause, heretofore tried, argued and submitted, is now decided as follows:

(1) The Court having reached the conclusion that the damages caused by reason of the collision between the vessel Glory of the Seas, owned by the libelants and The Stella Di Genova, owned by cross-libelant, on December 14, 1943, was caused by mutual fault, it is ordered that an interlocutory decree be entered that both vessels were at fault, and that the damages arising

**34**

therefrom due to the detention of the respective vessels while under repair be divided and apportioned, and that a reference be had to ascertain and compute the damages sustained by libelants and by cross-libelant.

(2) The libel in intervention of Benson Lumber Company, a corporation, doing business under the firm name and style of Lynch Shipbuilding Company, heretofore filed on January 17, 1947, and seeking to recover the sum of $15,338.27 against the diesel vessel Stella Di Genova by reason of claims for labor and materials alleged to have been furnished to the Stella Di Genova, is hereby dismissed.

■ The libel in intervention was filed pursuant to leave granted by the Court on January 10, 1947, after the reading of the proclamation in open court. Since then, no process of the court has been issued and nothing has been done by the intervenor to secure a determination of its alleged claim. Hence the Order of dismissal. ·

### Comment.

As a guide to counsel in the preparation of the Findings and Decree, the Court states briefly the grounds for its decision on the question at fault.

■■ This proceeding involves the usual situation which arises in collision cases, —namely, utterly divergent versions of the facts surrounding the collision. However, certain uncontradicted facts lead to the conclusion that—the collision—was caused by mutual fault. The collision was between two tuna fishing vessels, The Glory of the Sea, to be referred to as The Glory and The Stella Di Genova, to be called The Stella. It is the undisputed testimony that The Stella sighted first the school of fish near which the collision occurred and that it fished it the day before, and for several hours prior to the collision on, December 14, 1943. This, under the well-established custom existing among tuna fishermen on the Pacific Coast, which both sides recognize, gave The Stella the prior right to fish the school. There is no agreement among the witnesses as to whether the school was large enough for two vessels to fish. But, assuming that it was, it is established beyond dispute that The Stella, both on the day before the collision and on the morning of the collision, had the prior right. And, granted that The Glory had the right to fish the same school, she was required, in approaching the other vessel, to keep clear of her and not to interfere with her or her fishing activities. See, Alioto v. Imahashi, 1940, 9 Cir., 115 F.2d 324; 33 U.S.C.A. § 204 (Art. 19). As the two vessels were crossing, it was the duty of The Glory, which had The Stella on her starboard side, to keep out of her way. She did not perform this duty. On the contrary, when approaching The Stella, she killed her engines. She was practically still in the water, although she had some slight way on her. There was no one at her wheel capable of navigating her or doing any act necessary to avoid the collision. By the same token, however, The Stella was also at fault. The testimony of all witnesses establishes, without contradiction, that when The Glory was first seen approaching The Stella, at a distance which is estimated at 35 yards, the Captain had left the wheelhouse. He did not see The Glory until some of the fishermen shouted to him, warning him of danger. Whereupon, he went inside the pilot house and again started the engines. The location of the scar on The Stella, as indicated by the photographs in evidence, and as described by the Marine Engineer and Surveyor who testified in the case, was "starboard aft, approximately in line with the after power boat stanchion, and consisted of a crushed guard and guard nosing, and to the bulwarks, the full height in that locality". These facts indicate that, had the captain of The Stella been at the wheel, he would have sighted The Glory sooner. And, even if not, he could have avoided the collision when a signal of danger was given by the shouts of others on the boat. So we have failure of the crew of The Stella to have a proper lookout for the approaching vessel and failure to man the engine at a time when it was necessary to do so,—in order to avoid collision.

I am, therefore, of the view that both vessels were at fault and that the collision

and the resulting damage were the consequences of this mutual fault.

Hence the ruling above made. Each side will bear its own costs. Counsel for the respondents and cross libelant will prepare findings and decree according to Local Rule 7.[1]

---

[1] Findings were waived and an interlocutory decree in conformity with this opinion was entered on February 4, 1948, referring the matter to L. K. Vermille, Esq. to ascertain and compute the amount of damages. On May 25, 1948, a stipulation was entered into fixing the amount of damages sustained by respondents Ernest Monteiro, Manuel Correia and Mary Correia in the sum of $28,- 000.00, and the damages of libelant Fred Canepa in the sum of $6,000.00. On the basis of this stipulation, a final decree and judgment was entered on the same day in favor of Ernest Monteiro, Manuel Correia and Mary Correia and against The Stella and Canepa in the amount of $11,000, which has been fully satisfied.